**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| REGINA M. LEO, | ) | |
| | ) | No. 08-cv-01263 (RMU) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Ricardo M. Urbina |
| | ) | |
| AHMED S. J. AL NASER, MUNA | ) | |
| S. M. N. AL NAJADI, and STATE OF | ) | |
| KUWAIT | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

On November 23, 2009, the Court ordered Plaintiff Ms. Regina Leo ("Plaintiff" or "Ms. Leo") to show cause as to why this action should not be dismissed as to Defendants Brigadier General Ahmed S. J. Al Naser ("Mr. Al Naser") and his wife Muna S. M. N. Al Najadi ("Ms. Al Najadi") (collectively the "Individual Defendants") for failure to effect service.

Despite good-faith efforts to locate the Individual Defendants, including the use of a private investigator, Plaintiff has been unable to locate, and thus unable to serve, Mr. Al Naser and Ms. Al Najadi. By first pursuing her claims against the State of Kuwait ("Kuwait"), Plaintiff hoped to obtain, through discovery from Kuwait, information revealing the present location of the Individual Defendants. That has not yet occurred.

A private investigator determined that the Individual Defendants reside outside the United States, and there is no time-limit for serving individuals in foreign countries. Plaintiff therefore requests that the Court refrain from dismissing the Individual Defendants until it is determined whether Plaintiff's claims against Kuwait will go forward and whether Kuwait can produce information leading to the whereabouts of the Individual Defendants. In the alternative,

Plaintiff requests that the Court grant her Motion for Service On Individual Defendants By Alternative Means, filed concurrently with this Response.

## I.    Factual and Procedural Background

Ms. Leo filed the present action to obtain damages for being subjected to slavery and slavery-like practices, including human trafficking and rape.  Ms. Leo alleges that Defendants Mr. Al Naser and Ms. Al Najadi brought her to the United States and held her captive in their home, forcing her to work sixteen to eighteen hour per day while physically and psychologically abusing her. (Compl. ¶¶ 19-36.)  Ms. Leo further alleges that Mr. Al Naser was employed as a Kuwaiti diplomat during the period of her abuse and that Defendant Kuwait knowingly aided and abetted the Individual Defendants in their enslavement of her.  (Compl. ¶¶ 43-58.)  Ms. Leo was only able to escape the abusive home of the Individual Defendants because of a neighbor's assistance.  (Compl. ¶ 41.)  Ms. Leo obtained her freedom when representatives of Ayuda, Inc. (a Washington D.C. non-profit), the police, and an interpreter escorted her away from the Individual Defendants' home and to safety.  (Compl. ¶ 42.)

The Complaint was filed on July 22, 2008.[1]  On March 16, 2009, pursuant to the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1608(a)(2), Plaintiff served Kuwait in accordance with the Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters, signed at The Hague, November 15, 1965, art. 5, 20 U.S.T. 361, 658 U.N.T.S. ("The Hague Convention").  Although Kuwait did not certify that service had been properly effected pursuant to Article 6 of The Hague Convention, as required, Kuwait recently acknowledged proper service in its motion to dismiss.  *See* Memorandum of

---

[1]    After the complaint was filed in this case, Plaintiff's initial counsel determined they should withdraw.  Before withdrawing, however, Plaintiff's initial counsel obtained new counsel who filed an entrance of appearance on December 17, 2008.

Points and Authorities in Support of State of Kuwait's Motion to Dismiss (Doc. No. 12-1) at 1, n.1.

Plaintiff has been unable to serve the Individual Defendants because their geographic location remains unknown. Plaintiff's initial counsel hired a private investigator to locate the Individual Defendants, but the private investigator was unable to do so. *See* Affidavit of Michael I. Coe, attached hereto as Exhibit A ("Coe Affidavit"). It is believed that the Individual Defendants no longer reside in the United States, but the private investigator could not determine their country of residence. *See id.*

By first serving Kuwait, and thus first pursuing Plaintiff's claims against Kuwait, Plaintiff's present counsel expected to obtain discovery from Kuwait that would reveal the location of the Individual Defendants. To date, however, Plaintiff has not obtained discovery from Kuwait and thus still does not know where the Individual Defendants reside. Accordingly, Plaintiff has been unable to serve the Individual Defendants.

## II.   There Is No Time Limit For Service On Individuals In Foreign Countries

As set forth in the Coe Affidavit, Plaintiff believes that the Individual Defendants reside outside the United States. Federal Rule of Civil Procedure 4(f), which applies to service on individuals in foreign countries, thus applies to service on the Individual Defendants. *See* Fed. R. Civ. P. 4(f). Rule 4(f) does not provide a time limit for effecting service. *See id.*

The general 120-day period provided for in Federal Rule of Civil Procedure 4(m) does not apply to service on individuals outside the United States. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."). *See also Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir.1991) (finding the plain language of Rule 4(m) to be "so clear that it allows no latitude for interpretation" and holding there is no time limit

for serving individuals in foreign countries).[2]  Plaintiff is thus not subject to a time limit for serving the Individual Defendants.

### III.   The Individual Defendants Are Not Immune From Suit

Although Defendant Mr. Al Naser was a Kuwaiti diplomat, neither he nor his wife, Defendant Ms. Al Najadi, are immune from suit in this Court since they are no longer located in the United States.  Under Article 39(2) of the Vienna Convention on Diplomatic Relations ("Vienna Convention"), once a diplomat is no longer attributed to the United States, the immunity and privileges of Article 31 end.  *See* Vienna Convention on Diplomatic Relations, Art. 39 ("When the functions of a person enjoying privileges and immunities have come to an end, such privileges and immunities shall normally cease at the moment when he leaves the country, or on expiry of a reasonable period in which to do so....").

For example, where the Ambassador of Papua New Guinea to the U.S. struck several parked cars in Washington, D.C. while serving in his capacity of Ambassador, the State Department determined that he could be indicted when his posting had ended. Marian Nash Leich, *Digest of United States Practice in International Law*, 81 A.J.I.L. 935, 938 (1987).  *See also United States v. Guinand*, 688 F. Supp. 774, 775 (D.D.C. 1988) (allowing criminal indictment of a diplomat for drug offenses committed during the period of diplomatic immunity); *In re Noboa*, 1995 U.S. Dist. LEXIS 14402, *9-10 (S.D.N.Y. 1995) (permitting service of a subpoena to testify in court where the diplomatic immunity of the witness had expired).  Other signatories to the Vienna Convention also subject former diplomats to civil jurisdiction upon expiration of their immunity.  *See Empson v. Smith*, 2 All E.R. 881 (1965) (landlord in the

---

[2]     When *Lucas* was decided in 1991, the current Rule 4(m) was numbered 4(j).

United Kingdom was permitted to sue a Canadian attaché for breach of a leasehold agreement after the diplomatic status expired and immunities had ceased).

Accordingly, since Defendant Mr. Al Naser is no longer a diplomat in the United States, his immunity to suit has expired. Ms. Al Najadi, as a former diplomat's wife, had no greater entitlement to immunity than her husband, *see Swarna v. Al-Awadi*, 607 F. Supp. 2d 509, 522 (S.D.N.Y. 2009), and therefore her immunity has also expired.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court refrain from dismissing her claims against the Individual Defendants.


Dated: November 25, 2009                 Respectfully submitted,

Dennis J. Lawson (D.C. Bar No. 452402)
DECHERT LLP
1775 I Street, N.W.
Washington, D.C. 20006
Telephone: (202) 261-3300
Facsimile: (202) 261-3333

Attorney for Plaintiff