UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| REGINA M. LEO, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1263 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 14 |
| | : | | |
| AHMED S.J. AL NASER *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM ORDER

### DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION FOR SERVICE ON THE INDIVIDUAL DEFENDANTS BY ALTERNATIVE MEANS

This matter comes before the court on the plaintiff's motion for leave to serve defendants Ahmed S.J. Al Naser and his spouse, Muna S.M.N. Al Najadi (collectively, the "individual defendants"), by alternative means, pursuant to Federal Rule of Civil Procedure 4(f)(3). The plaintiff contends that she has been unsuccessful in locating the individual defendants, whom she believes to be living outside of the United States. Pl.'s Mot. at 3. To document her efforts to ascertain the individual defendants' whereabouts, the plaintiff provides the court with an affidavit of her former counsel, Michael Coe. Compl., Ex. A ("Coe Aff."). This affidavit vaguely describes the efforts of a private investigator retained to find the individual defendants, *see generally id.*, and explains, without elaboration, that the investigator "was unable to locate [the individual defendants] within the United States and concluded [that] they were residing in another country outside the United States," *id.* at 2.

The plaintiff seeks leave to effect service by alternative means pursuant to Rule 4(f)(3), *see* Pl.'s Mot. at 2, which provides for service of process outside the United States "by other

means not prohibited by international agreement, as the court orders." FED. R. CIV. PROC. 4(F)(3). Specifically, the plaintiff asks that service of the individual defendants be allowed by delivering the summons and complaint: (1) by U.S. Mail to the individual defendants' last known address in Bethesda, Maryland; (2) by Federal Express to the individual defendants' counsel[1] in this matter; and (3) by Federal Express to the Embassy of Kuwait[2] in Washington, D.C. *Id.* at 3.

To effect service of process pursuant to Rule 4(f)(3), a plaintiff must demonstrate that the court's intervention is warranted. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (stating that the party attempting to effect service "needed only to demonstrate that the facts and circumstances of the present case necessitated the district court's intervention [under Rule 4(f)(3)]"). Coe's affidavit does not satisfy this burden, as it provides only cursory detail regarding Al Naser's employment with the Embassy of Kuwait and the individual defendants' last home address in the United States, and is based only on secondhand knowledge of an investigation into the individual defendants' whereabouts. *See generally* Coe Aff. The affidavit, moreover, contains no description of any specific steps taken by the private investigator to locate the individual defendants. *See generally id.* Such conclusory evidence renders the court unable to assess the necessity of its intervention pursuant to Rule 4(f)(3).

---

[1]   Although the individual defendants have not been served with process, attorney Neil H. Koslowe has entered an appearance on their behalf. Notice of Appearance (Aug. 12, 2008). Koslowe also represents former defendant the State of Kuwait, *id.*, which has since been dismissed from this action, *see* Minute Order (Nov. 23, 2009).

[2]   Defendant Al Naser was previously employed at the Embassy of Kuwait, and the plaintiff believes that Al Naser continues to be an employee of the Kuwaiti Government. Pl.'s Mot. at 6-7.

Accordingly, it is this 8th day of September, 2010,

**ORDERED** that the motion for service on the individual defendants by alternative means is **DENIED without prejudice**.

**SO ORDERED**.

                                                          RICARDO M. URBINA
                                                     United States District Judge