UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINA M. LEO,                          :
                                        :
    Plaintiff,                          :    Civil Action No.:    08-1263 (RMU)
                                        :
v.                                      :    Re Document No.:     21
                                        :
AHMED S.J. AL NASER *et al.*,           :
                                        :
    Defendants.                         :

## MEMORANDUM ORDER

### DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION FOR RELIEF UPON RECONSIDERATION

On July 22, 2008, the plaintiff commenced this action alleging that the defendants – the State of Kuwait ("Kuwait"), a Kuwaiti diplomat, Ahmed S.J. Al Naser, and his spouse, Muna S.M.N. Al Najadi – "subjected [the plaintiff] to slavery and slavery-like practices in violation of United States and international law." Compl. at 1. On October 7, 2009, Kuwait filed a motion to dismiss, arguing that the Foreign Sovereign Immunities Act ("FSIA") barred the plaintiff's claims against it. Kuwait's Mot. to Dismiss at 14. After the plaintiff failed to oppose or otherwise respond to Kuwait's motion, the court granted Kuwait's motion as conceded. Minute Order (November 23, 2009). The day following the issuance of the court's order, the plaintiff's counsel[1] submitted a letter to chambers requesting that the court grant the plaintiff leave to respond to Kuwait's motion to dismiss. *See generally* Pl.'s Mot. for Recons. The court *sua sponte* directed that the letter be filed as a motion for relief upon reconsideration of its November 23, 2009 order. *Id.*

---

[1] The plaintiff's counsel who authored the letter withdrew his representation on September 16, 2010. Notice of Withdrawal of Appearance.

In the motion, the plaintiff's counsel indicates that he had inadvertently and inexplicably discarded the electronic court filing ("ECF") system's notification of Kuwait's motion to dismiss. Pl.'s Mot. for Recons. at 1. While recognizing his obligation to monitor the docket in this case, the plaintiff's counsel states that Kuwait's motion to dismiss was entirely unexpected because he thought that the case was at a standstill. *Id.* at 2. More specifically, the plaintiff's counsel claims to have been surprised by the motion to dismiss because he was under the impression that "the case could not proceed" without a certificate acknowledging service from the Kuwaiti Ministry of Justice. *Id.* at 1.

Kuwait counters that the plaintiff failed to provide in her motion any substantive arguments supporting the court's reconsideration of its dismissal order and instead, "merely sought leave to respond to Kuwait's motion to dismiss." Kuwait's Opp'n to Pl.'s Mot. for Recons. ("Kuwait's Opp'n") at 2. Kuwait further argues that even if the plaintiff offered such substantive arguments in her reply, it would be "premature for the Court to grant reconsideration of its dismissal Order of November 23, 2009," and asks that the court afford Kuwait an opportunity to respond. *Id.* at 1. Kuwait also contends that the plaintiff has repeatedly neglected her "duty to prosecute her case," *id.* at 3, and asserts that "[s]urprise is no excuse for ignoring a motion to dismiss," *id.* at 5.

In her reply, the plaintiff characterizes her motion as a request for "leave to belatedly oppose Kuwait's motion to dismiss on behalf of Plaintiff." Pl.'s Reply in Supp. of Pl.'s Mot. ("Pl.'s Reply") at 1. The plaintiff states that she would be "happy to comply" with any request by the court for additional briefing. *Id.* Additionally, the plaintiff describes the extensive procedures required by the Hague Convention to properly effect service on a foreign sovereign

2

like Kuwait, presumably to justify her failure to closely monitor the court's docket with regard to this case. *Id.* at 2-3. The plaintiff strongly disagrees that she has engaged in a "pattern of neglect" while prosecuting this case, arguing that Kuwait's "failure to send the certificate of service to the correct recipient, accounts for the majority of the delay that has occurred." *Id.* at 2, 4.

Under Federal Rule of Civil Procedure 54(b), the court has discretion to grant a motion for relief upon reconsideration of a non-final order so long as "justice requires," *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000), and as Kuwait acknowledges, Kuwait's dismissal was not a final judgment. *See* Def.'s Opp'n at 3. The court observes, however, that the plaintiff's motion contains no substantive arguments for relief upon reconsideration of the court's November 23, 2009 ruling. *See generally* Pl.'s Mot. for Recons. Indeed, the plaintiff, by her own characterization of the motion, claims only to ask for leave to late file an opposition to Kuwait's motion to dismiss. Pl.'s Reply at 1.

Only if the plaintiff asserts substantive arguments in her motion for relief upon reconsideration will the court be properly positioned to assess whether "justice requires" that the court reconsider its November 23, 2009 order.[2] Given the presumption in favor of deciding cases on the merits, the court denies the motion to reconsider without prejudice and grants the plaintiff until December 5, 2010 in which to file a motion for relief upon reconsideration of the court's November 23, 2009 order. *See Martin v. Dist. of Columbia*, 2010 WL 2628711, at *4, n.1 (D.D.C. July 1, 2010) (granting the plaintiff's motion to file his opposition out of time because

---

[2] Neither the Federal Rules of Civil Procedure nor the Local Rules for the District Court for the District of Columbia require a party to seek leave to file a motion for relief upon reconsideration of a non-final order.

3

the court preferred to decide the defendant's motion for summary judgment on the merits as opposed to granting it as conceded).

Accordingly, it is this 4th day of November, 2010,

**ORDERED** that the plaintiff's motion for relief upon reconsideration is **DENIED without prejudice**;

**FURTHER ORDERED** that the plaintiff has until December 5, 2010 to file a motion for relief upon reconsideration of the court's November 23, 2009 order;

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge
