UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINA M. LEO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 08-1263 (RMU) ) ) Judge Ricardo M. Urbina |
| AHMED S.J. AL NASER, MUNA S. M. N. AL NAJADI and STATE OF KUWAIT, | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S RENEWED MOTION FOR
SERVICE ON INDIVIDUAL DEFENDANTS BY ALTERNATIVE MEANS**

On September 8, 2010, the Court denied without prejudice plaintiff Ms. Regina M. Leo's ("Plaintiff" or "Ms. Leo") motion for leave to serve defendants Ahmed S. J. Al Naser ("Mr. Al Naser") and Muna S. M. N. Al Najadi ("Ms. Al Najadi") (collectively, the "Individual Defendants") under Federal Rule of Civil Procedure 4(f)(3) because Mr. Michael I. Coe's affidavit ("Coe Affidavit") insufficiently specified Ms. Leo's efforts to ascertain the whereabouts of Individual Defendants. Ms. Leo hired an experienced private investigator to cure this flaw, whose attached affidavit details his unsuccessful search for Individual Defendants and the basis of his conclusion that they have left the country. *See* Aff. of David S. Brown, attached as Exhibit A ("Brown Affidavit").

Ms. Leo renews her motion for an order permitting her to deliver the Summons and Complaint: (i) by U.S. mail to Mr. Al Naser's and Ms. Al Najadi's last known address at 10127 Falls Road, Potomac, Maryland; (ii) by Federal Express delivery to Individual Defendants' U.S. counsel, Neil H. Koslowe, Shearman & Sterling LLP, 801 Pennsylvania Avenue, NW, Suite 900, Washington, DC 20004-2634, Telephone: 202-508-8000, who has

entered an appearance in this case; and (iii) by Federal Express delivery to the Embassy of Kuwait in Washington, D.C., where Mr. Al Naser was stationed.

For the reasons provided below and those provided in Ms. Leo's past briefs,[1] the Court should grant Plaintiff's motion and permit service by alternative means under Federal Rule of Civil Procedure 4(f)(3).

## PRELIMINARY STATEMENT

Plaintiff seeks leave of the Court to serve Individual Defendants outside the United States "by other means not prohibited by international agreement as may be directed by the court." Fed. R. Civ. P. 4(f)(3). Alternative means of service are necessary and appropriate because the Individual Defendants are, on information and belief, in Kuwait or stationed in a Kuwaiti Embassy outside the United States. Because the exact whereabouts of Individual Defendants are unknown, service cannot be effected under Rule 4(f)(1) or (2).

Individual Defendants tortiously abused Ms. Leo under the guise of "domestic employment" from September 29, 2005 to May 5, 2006, while Mr. Al Naser worked for the Embassy of Kuwait in Washington, D.C. as the Defense, Military, Naval & Air Attaché. Plaintiff was trafficked from her native India by way of Kuwait to Maryland to be a domestic slave, with the knowledge and material assistance of the State of Kuwait. As the complaint alleges more fully, Individual Defendants stopped paying her wages; forced her to work for up to nineteen hours a day, seven days a week; imprisoned her inside their home; and physically and psychologically abused her, including repeated rapes by Mr. Al Naser. *See* Pl.'s Compl. (Doc. No. 3).

---

[1] Pl.'s Resp. to Order to Show Cause (Doc. No. 13); Pl.'s Mot. for Service on Individual Defs. by Alternative Means (Doc. No. 14); Pl.'s Reply in Further Supp. of Her Resp. to Order to Show Cause and Mot. for Service on Individual Defs. by Alternative Means (Doc. No. 20).

On information and belief, Kuwait moved Individual Defendants out of the United States in late 2007 or early 2008.  Because the current whereabouts of Individual Defendants are unknown, Ms. Leo seeks to notify them of these proceedings by the means specified above.

## ARGUMENT[2]

### I. DETECTIVE BROWN'S AFFIDAVIT DETAILS THE EXTENSIVE EFFORTS EXPENDED TO LOCATE THE INDIVIDUAL DEFENDANTS.

The Court denied Ms. Leo's original motion for service by alternative means because the Coe Affidavit provided "only cursory detail regarding Mr. Al Naser's employment with the Embassy of Kuwait and the individual defendants' last home address in the United States, is based only on secondhand knowledge of an investigation into the individual defendants' whereabouts" and "contains no description of any specific steps taken by the private investigator to locate the individual defendants," thereby failing to demonstrate that the Court's intervention was warranted.  *See* Court Order (Doc. No. 27).  The Brown Affidavit resolves these concerns.

David S. Brown has been a licensed private detective in the District of Columbia since 1990, has twenty-three years of experience in law enforcement and retired with the rank of Detective Grade I from the Metropolitan Police Department in Washington, D.C.  The Brown Affidavit chronicles the extensive efforts that have been expended to locate the Individual Defendants.  Based on his experience and expertise, Detective Brown undertook a detailed investigation into the Individual Defendants' whereabouts.  Detective Brown searched public

---

[2] In addition to addressing the Court's concerns with the Coe Affidavit's specificity, this brief reprises legal arguments that the Court did not examine in Ms. Leo's original Motion for Service on the Individual Defendants by Alternative Means.  *See* note 1, *supra*.  Ms. Leo continues to rely on those arguments while emphasizing the additional support derived from the Brown Affidavit .

records, conducted surveillance at past known residences of the Individual Defendants and interviewed people who interacted with the Individual Defendants while they lived in the United States, expending a total of thirty hours in his efforts.  Brown Aff., ¶ 4.  Detective Brown ultimately determined that the Individual Defendants  lived in Bethesda, Maryland from October 2003 to August 2006 and Potomac, Maryland from August 2006 to early 2007.  Brown Aff., ¶¶ 6-14.  Detective Brown ultimately concluded, however, that the Individual Defendants are no longer in the United States.  Brown Aff., ¶ 16.

Detective Brown, through a search of public records, found that the Individual Defendants lived at two addresses while in the United States.  He located the owner of the Bethesda house, who had no knowledge of the Individual Defendants' whereabouts.  Brown Aff., ¶¶ 7-8.  Detective Brown then reviewed the lease application of the Bethesda house and noted that the Individual Defendants' previous address was listed as "State of Kuwait, P.O. Box 66630, Bayan."  Brown Aff., ¶ 9.

Detective Brown then investigated the Potomac house where the Individual Defendants formerly lived.  Through inquiries and surveillance, he established that a twenty-eight year old American female and a male friend currently reside there.  Brown Aff., ¶ 11.  Detective Brown interviewed the woman who owned the house while the Individual Defendants lived there.  She stated that the Embassy of Kuwait paid the rent for the house and that the Individual Defendants were "supposed to stay three years but left after one year [and] went back to Kuwait."  Brown Aff., ¶ 13.  Neighbors of the Potomac house also witnessed furniture being loaded onto a truck with the word "Kuwait" on its side several years ago and have not seen the Individual Defendants since then.  Brown Aff., ¶ 14.

Detective Brown was unable to find any record of a residential or business

address in the United States for the Individual Defendants subsequent to that for the Potomac house.  Brown Aff., ¶ 15.  His investigation lead him to the conclusion that they are not in the United States.  Brown Aff., ¶ 16.

As evidenced by the Brown Affidavit, Detective Brown, on behalf of Ms. Leo, has gone to great lengths to try and locate the Individual Defendants.  To the extent the Court's prior denial of Ms. Leo's original motion was based on a lack of information regarding the efforts taken to locate the Individual Defendants, Ms. Leo has cured this flaw.  Accordingly, the Court should now grant Ms. Leo's renewed motion for service by alternative means.

## II.   MS. LEO'S PROPOSED ALTERNATIVE MEANS OF SERVICE MEET THE REQUIREMENTS OF RULE 4(f)(3).

Rule 4(f)(3) provides that, "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . *by other means not prohibited by international agreement, as the court orders*."  Fed. R. Civ. P. 4(f)(3) (emphasis added).  In addition to the constitutional requirements of due process, alternative means of service under Rule 4(f)(3) "must be (1) directed by the court; and (2) not prohibited by an international agreement.  *No other limitations are evident by the text*."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (emphasis added).  Ms. Leo's proposed alternative methods of service clearly satisfy all of these requirements.

The Court may direct Ms. Leo's proposed means of alternative service.  Alternative service is favored equally to the other means in Rule 4(f) and "commit[s] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."  *Id.* at 1015.  The particularities of *this* case clearly demonstrate that alternative methods of service are warranted.  Ms. Leo has been unable to locate the Individual Defendants, despite diligent efforts

to do so. Further, Detective Brown has concluded that the Individual Defendants are no longer in the United States. Accordingly, Rule 4(f)(3) provides the most reasonable and appropriate means available to serve the Individual Defendants.

Secondly, Rule 4(f)(3) requires that the alternative means of service are not prohibited by international agreements. Ms. Leo's proposed alternative means of service function entirely within the United States, and as such do not implicate international agreements. Delivery of the documents to the Embassy of Kuwait in Washington, D.C. does not compel the Embassy's action and is only intended and give the Embassy means to notify Individual Defendants if it chooses to do so. Thus, Ms. Leo's proposed alternative means of service do not violate international agreements, and the second requirement under Rule 4(f)(3) also is satisfied.

Service under Rule 4(f)(3) must also comport with due process, which requires that "the method of [alternative] service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props*., 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Courts have routinely authorized service under Rule 4(f)(3) by means of personal delivery through mail to the defendant's last known address, publication, service through the defendant's attorney, fax and email.[3] Ms. Leo's proposed alternative means of service clearly comport with due process, as they are reasonably calculated to reach Individual Defendants. First, Ms. Leo proposes to send the Summons and Complaint through U.S. mail to the last known address of Individual

---

[3] *See Rio Props.*, 284 F.3d at 1018 (email); *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (publication); *Vesco*, 593 F.2d at 176-78 (mail to last known address); *Forum Fin. Group v. President and Fellows of Harvard Coll*., 199 F.R.D. 22 (D. Me. 2001) (service on foreign defendant by mail to defendant's U.S. attorney); *U.S. v. Padilla*, No. CIV.S-01-2301 FCD/JF, 2002 WL 471838, at *1 (E.D. Cal. Feb. 25, 2002) (personal delivery to defendant's daughter and attorney, representing defendant in another matter); *In re Int'l Telemedia Assocs.*, 245 B.R. 713, 719-720 (Bankr. N.D. Ga. 2000) (fax, email, and mail to last known address).

Defendants, from which they could be retrieved or forwarded. Second, she proposes to send the documents to Individual Defendants' attorney, who can notify them. Third, she proposes sending the documents to Mr. Al Naser's last known work address at the Embassy of Kuwait in Washington, D.C., who will likely be able to contact Individual Defendants. Because the proposed methods are reasonably calculated to notify the Individual Defendants (and, indeed, are methods that have been expressly authorized by several courts), they clearly comply with due process requirements. Accordingly, the Court should grant the relief requested in Ms. Leo's renewed motion.

### III. KUWAIT LACKS STANDING TO OPPOSE SERVICE ON THE INDIVIDUAL DEFENDANTS BY ALTERNATIVE MEANS.

Kuwait raised a number of arguments in opposition to Ms. Leo's original motion for service by alternative means, and will no doubt attempt to raise similar arguments in response to her renewed motion. However, the Court should not give any consideration to arguments raised by Kuwait in ruling on Ms. Leo's renewed motion because Kuwait lacks standing to oppose any motion relating to service on the Individual Defendants.

It is well-settled that a defendant lacks standing to contest service on co-defendants. *See Phillips v. Intercantieri, S.p.A.*, 672 F. Supp. 1109, 1110 (N.D. Ill. 1987); *Young Spring & Wire Corp. v. Am. Guarantee & Liability Ins. Co.*, 220 F. Supp. 222, 227 (W.D. Mo. 1963). More generally, this Court has held that, in order to establish standing, "the challenged acts must have caused [the party] '*injury in fact*, economic or otherwise.'" *Metcalf v. Nat'l Petroleum Council*, 407 F. Supp. 257, 258 (D.D.C. 1976) (*quoting Ass'n of Data Processing Serv. Orgs. v. Camp*, 397 U.S. 150, 152 (1970)) (emphasis added). Kuwait would not sustain

any injury if the Court grants Ms. Leo's motion, and therefore lacks standing to oppose it.[4]

Further, it should be noted that Neil H. Koslowe has filed an appearance in this case as counsel for *all* defendants. Yet, he has filed briefing in opposition to service by alternative means only on behalf of *one* of his clients—the State of Kuwait. As described above, Kuwait simply does not have standing to oppose this renewed, or original, motion for service by alternative means. Only the Individual Defendants have standing to do so. If Mr. Koslowe wishes to file a brief opposing alternative service, a brief that the Court could appropriately consider, he should do so on behalf of the correct clients. As the Individual Defendants have failed to file a response to Ms. Leo's original motion, and if the Individual Defendants again elect not to file a response to this renewed motion, the Court should treat it is unopposed and grant the relief requested.

## IV.    KUWAIT'S ARGUMENTS IN OPPOSITION TO SERVICE ON THE INDIVIDUAL DEFENDANTS BY ALTERNATIVE MEANS ARE WITHOUT MERIT.

Even if the Court considers Kuwait's arguments in opposition to service on the Individual Defendants by alternative means, those arguments are without merit and do not preclude the relief requested.

First, Kuwait argued that Ms. Leo failed to meet the requirements for alternative service under Rule 4(f)(3). As discussed above, however, Ms. Leo clearly has met all requirements. Kuwait's argument is based on the mistaken assumption that service under Rule 4(f)(3) is extraordinary, or requires showings beyond the two elements in the rule. However, as

---

[4] Kuwait may argue that, as a party to this case, it has standing to assert arguments in opposition to *any* motion. However, Kuwait has been dismissed from this action. Ms. Leo contests Kuwait's dismissal, and has filed a motion for relief upon reconsideration of the Court's decision to dismiss the claims asserted against Kuwait. However, for purposes of this renewed motion, Kuwait is currently a non-party and, for this reason as well, cannot present arguments in opposition to Ms. Leo's present motion.

courts have expressly held, service under Rule 4(f)(3) is "an independent basis for service of process and is neither 'extraordinary relief' nor a 'last resort' [for effectuating service of process]." *Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002). It is instead coequal with other means of serving defendants outside of the United States and the most appropriate means to serve Individual Defendants. The elements for alternative service under Rule 4(f)(3) have plainly been satisfied, and the Court should grant Ms. Leo's renewed motion.

Second, Kuwait argued that Ms. Leo is required to comply with the Hague Convention to serve Individual Defendants by alternative means, citing *Swarna v. Al-Awadi*, No. 06 Civ. 4880 (PKC), 2007 WL 2815605 (S.D.N.Y. Sept. 20, 2007). In *Swarna*, however, the address of the defendants was known – they lived in an apartment in Paris. *Id.*, at *1. Where, as here, the address of a foreign defendant is *unknown*, the requirements for service under the Hague Convention do not apply. *See BP Products N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006). Rather, service under Federal Rule of Civil Procedure 4(f)(3) is appropriate, and the Court has discretion to permit service by alternative means. *See Rio Props.*, 284 F.3d at 1016.

Finally, Kuwait argued that Ms. Leo waited too long to serve Individual Defendants and that Ms. Leo has not otherwise exercised diligence. For two reasons, Kuwait's arguments are in error. First, as Kuwait itself acknowledges, Rule 4(m) *does not apply a time limit* to service in a foreign country. *Lucas v. Natoli*, 936 F.2d 432, 433 (9th Cir. 1991) (noting that there is "no latitude for [a different] interpretation" of this provision).[5] Second, Ms. Leo

---

[5] The cases Kuwait cites to are inapposite. In those cases, a time limit was imposed on the plaintiffs because they *knew* the location of the defendants in question. *See, e.g., Nylok v. Fastener World Inc*., 396 F.3d 805, 806 (7th Cir. 2005) (the plaintiff knew the addresses of five overseas defendant corporations).

unquestionably has exercised diligence in attempting to locate the Individual Defendants. In addition to hiring private investigators in July 2007 and August 2010, she attempted to serve Individual Defendants by delivering a summons and complaint written in English and Arabic in four ways: to the Kuwait Ministry of Defense, to the Kuwait Ministry of Foreign Affairs and two separate summons to Mr. Al Naser and Mrs. Najadi at the P.O. box listed on the lease application for one of the Individual Defendants' U.S. houses. These summons were all successfully delivered to their respective destinations in November 2010. *See* Federal Express Delivery Tracking, attached as Exhibit B. However, she has received no response.

## CONCLUSION

The central issue raised by Ms. Leo's renewed motion is whether the facts and circumstances warrant service by alternative means. In this case, there can be no dispute that service by alternative means is necessary for justice to be carried out. Despite the difficulty in tracking down Individual Defendants, Ms. Leo has taken all reasonable actions to conduct proper service. Individual Defendants' disappearance and scant assistance from the Kuwaiti government has caused the delay in service, not any defect in Ms. Leo's diligence. Further, the proposed alternative means of service set forth in Ms. Leo's motion comport with the requirements of Rule 4(f)(3). Accordingly, Plaintiff Ms. Leo respectfully requests that the Court grant her Motion For Service By Alternative Means.

       Respectfully submitted,

       <u>/s/ Guy S. Neal                 </u>

       <u>COUNSEL FOR REGINA M. LEO</u>
       Guy S. Neal (DC Bar No. 441748)
       SIDLEY AUSTIN LLP
       1501 K Street, N.W.
       Washington, D.C.  20005
       Telephone:  (202) 736-8041
       E-mail: gneal@sidley.com

       Dated:      March 7, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2011, I electronically filed the foregoing Renewed Motion for Service on Individual Defendants by Alternative Means and accompanying Exhibits, using the ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Guy S. Neal_____
COUNSEL FOR REGINA M. LEO