IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINA M. LEO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.:  08-CV-01263 (RMU) |
| v. ) | |
| ) | |
| AHMED S.J. AL NASER, MUNA S.M.N. ) | |
| AL NAJADI, and STATE OF KUWAIT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION
FOR SERVICE ON INDIVIDUAL DEFENDANTS BY ALTERNATIVE MEANS**

Defendants, Ahmed S.J. Al Naser and Muna S.M.N. Al Najadi (the "Kuwaiti Diplomats"), and the State of Kuwait, oppose Plaintiff Regina Leo's Renewed Motion for Service on Individual Defendants by Alternative Means.[1]  The Court, in its Memorandum Order of September 8, 2010, denied without prejudice Leo's previous motion to serve the Kuwaiti Diplomats by alternative means under Fed. R. Civ. P. 4(f)(3) because she had failed to describe any specific steps she took to locate them.  The Court should deny Leo's renewed motion because, once again, she has failed to take any specific steps to locate the Kuwaiti Diplomats outside the United States and attempt to serve them under Fed. R. Civ. P. 4(f)(1).

1. On November 25, 2009, Leo filed a Motion for Service on Individual Defendants by Alternative Means ("Pl. Mot.").  Leo annexed to that motion the affidavit of her former counsel, Michael Coe, who averred that he retained a private investigator in 2007 to find the Kuwaiti

---

[1] The filing of this Opposition does not constitute an appearance by the Kuwaiti Diplomats in this case or consent by them to the jurisdiction of this Court.  It also does not constitute an acknowledgment by the State of Kuwait that it is presently a party to this case, given the Court's Minute Order of November 23, 2009, dismissing the State of Kuwait from the case.  Leo has moved for reconsideration of that Minute Order, and her motion is pending.

Diplomats, and that the investigator "was unable to locate [the Kuwaiti Diplomats] within the United States and concluded [that] they were residing in another country outside the United States." Exhibit A to Pl. Mot. Based on the investigator's conclusion that the Kuwaiti Diplomats reside outside the United States, Leo invoked Fed. R. Civ. P. 4(f) (3), which authorizes service of process outside the United States "by other means not prohibited by international agreement, as the court orders." Specifically, Leo sought permission to serve the Kuwaiti Diplomats by U.S. mail to their last known address in Maryland and by Federal Express delivery to their counsel and the Embassy of Kuwait in Washington, D.C.

Defendants opposed Leo's motion. Def. State of Kuwait's Reply to Pl's. Resp. to Order to Show Cause and Mem. of Pts. & Auth. in Opp. to Pl's. Mot. for Service on Individual Def's. by Alternative Means. First, defendants pointed out that Leo's former counsel did not provide any details about the efforts his investigator undertook to locate the Kuwaiti Diplomats in 2007, a year before Leo filed this lawsuit, and that Leo apparently had made no effort at all to find them since filing this lawsuit in 2008. Second, defendants contended that, before seeking to avail herself of Fed. R. Civ. P. 4(f) (3), Leo was required to attempt service on the Kuwaiti Diplomats via the Hague Convention under Fed. R. Civ. P. 4(f) (1) and she had not done so.

The Court, in its Memorandum Order of September 8, 2010, denied Leo's motion without prejudice. The Court determined that Leo did not satisfy her burden of showing that the Court's intervention under Fed. R. Civ. P. 4(f) (3) was necessary. The Court found that the affidavit of Leo's former counsel "contains no description of any specific steps taken by the private investigator to locate the individual defendants." Memorandum Order at 2.

2. Leo's Renewed Motion for Service on Individual Defendants by Alternative Means is based on the results of an investigation of the Kuwaiti Diplomats' whereabouts conducted by

David S. Brown. . Leo contends that, because Brown was unable to locate the Kuwaiti Diplomats, the Court should intervene under Fed. R. Civ. P. 4(f)(3) and allow her to serve the Kuwaiti Diplomats by U.S. mail to their last known address in Maryland and by Federal Express delivery to their counsel and to the Embassy of Kuwait in Washington, D.C.

However, Leo's contention has no merit because Brown's investigation was meaningless. In his affidavit, which Leo annexed to her renewed motion, Brown avers that the only thing he did was to verify that the Kuwaiti Diplomats do not reside in the United States – a fact that Leo and the Court have known for almost *three years* and was the predicate of Leo's previous motion to serve the Kuwaiti Diplomats by alternative means. Thus, although Brown avers that "[m]y company expended approximately thirty hours in an attempt to locate the Individual Defendants," he explains that every one of those hours was spent within the United States, searching public records, conducting "surveillance" at the Kuwaiti Diplomats' former residences in Maryland, and interviewing former neighbors of theirs in Maryland. Affidavit of David S. Brown, dated September 28, 2010, ¶¶ 4-14. The foregone conclusion Brown reached from his "rigorous and thorough search" was that "the evidence demonstrates that the Individual Defendants are no longer in the United States." *Id*. at ¶ 5

Brown was well aware of the fundamental shortcoming of his investigation, namely, his failure to search for the Kuwaiti Diplomats *outside* the United States. He avers in his affidavit that "[f]urther efforts to locate the Individual Defendants outside the United States would require international contacts and inquiries separate and apart from those domestic channels utilized in the normal course of investigations." Brown Affidavit, ¶ 16.

But such "[f]urther efforts" to try to locate the Kuwaiti Diplomats *outside* the United States and attempt to serve them via the Hague Convention under Fed. R. Civ. P. 4(f)(1) were

precisely what Leo was required to undertake before seeking the Court's intervention under Fed. R. Civ. P. 4(f)(3).  As defendants argued in opposition to Leo's previous motion for service by alternative means, Fed. R. Civ. P. 4(f)(1) authorizes service on individuals outside the United States under the Hague Service Convention or other treaty, and "'[u]se of the [Hague Service] Convention procedures, when available, *is mandatory* if documents must be transmitted abroad to effect service'" (emphasis added).  *Swarna v. Al-Awadi*, No. 06 Civ. 4880 (PKC), 2007 WL 2815605, at *1 (S.D.N.Y. Sept. 20, 2007) (quoting the Advisory Committee Notes to the 1993 Amendments to Rule 4(f) and citing *Volkswagenwork Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).  Accordingly, Leo's failure to take *any* steps to locate the Kuwaiti Diplomats outside the United States and attempt to serve them under the Hague Convention is fatal to her renewed motion.[2]

    Leo again has failed to meet her burden of showing that the Court's intervention under Fed. R. Civ. P. 4(f)(3) is necessary to effect service on the Kuwaiti Diplomats.  Therefore, the Court should deny with prejudice her renewed motion for service by alternative means.

                                         Respectfully submitted,

                                          /s/ Neil H. Koslowe_____
                                         Neil H. Koslowe (D.C. Bar # 361792)
                                         *Of Counsel*
                                         Thomas B. Wilner (D.C. Bar #173807)
                                         SHEARMAN & STERLING LLP
                                         801 Pennsylvania Avenue, N.W.
                                         Washington, D.C. 20004-2634
                                         Telephone:  (202) 508-8000

                                         *Counsel for Defendants*

Dated:  March 21, 2011

---

[2]  Both the United States and Kuwait are signatories to the Hague Service Convention.